NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| APPLE IN BULK, INC., Nevada Corporation; APUMAC, LLC a California limited liability company,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>FLINT HILLS INTERNATIONAL, LLC, a Kansas limited liability company; PAGET TRADE, LP, a Kansas limited partnership; SULU INTERNATIONAL, LLC, an unknown entity; and MICHAEL BARTUSEK, an individual; DANNY TRAFFAS, an individual; JOE COX, an individual, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:14-CV-07447 AB (FFMx)<br><br>**STIPULATION AND PROTECTIVE ORDER** |

　　　　Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation and Protective Order ("Stipulation") filed on July 24, 2015, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action).

/ / /

/ / /

1  The parties are expressly cautioned that the designation of any information, document or thing as "Confidential" or other designation(s) used by the parties does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as "Confidential" or other designation(s) used by parties, does not – without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable – constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justifications, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public

1  viewing, omitting only the confidential, privileged, or otherwise protectable
2  portions of the document, shall be filed.  Any application that seeks to file
3  documents under seal in their entirety should include an explanation of why
4  redaction is not feasible.

5        Notwithstanding any other provision of this Protective Order, in the event
6  that this case proceeds to trial, all information, documents and things discussed or
7  introduced into evidence at trial will become public and available to all members
8  of the public, including the press, unless sufficient cause is shown in advance of
9  trial to proceed otherwise.

10       1.    In this Stipulation and Protective Order, the words set forth below
11 shall have the following meanings:

12           a.    "Proceeding" collectively refers to the above-entitled
13 proceedings, which are identified by Case Number: 2:14-CV-07447 AB (VBK).

14           b.    "Court" means the Hon. Andre Birotte, Jr., or any other judge
15 to which this Proceeding may be assigned, including a Magistrate Judge and/or
16 Court staff participating in such proceedings.

17           c.    "Confidential" means any information which is in the
18 possession of a Designating Party who believes in good faith that such
19 information is entitled to confidential treatment under applicable law and/or
20 contains confidential information which would cause substantial harm if disclosed
21 to a competitor or the general public.

22           d.    "Confidential Materials" means any Documents, Testimony or
23 Information as defined below designated as "Confidential" pursuant to the
24 provisions of this Stipulation and Protective Order.

25           e.    "Designating Party" means the Party that designates Materials
26 as "Confidential."

27 / / /
28 / / /

   f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

   g. "Documents" means (i) any writings, originals and duplicates which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

   h. "Information" means the content of Documents or Testimony.

   i. "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

2. The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony, or Information that the Designating Party in good faith believes to contain non-public information that is entitled to such confidential treatment under applicable law.

3. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4. Any Documents, Testimony, or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony, or Information is Disclosed or produced. The parties may agree that the case name and number are to be part of the "Confidential" designation. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

   a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

      b.    For Testimony given in depositions the Designating Party shall Identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" or designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

      c.    For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

5. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony, or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony, or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document,

1 Testimony, or Information designated as "Confidential" (the "Inadvertent
2 Production Notice"). Upon receipt of such Inadvertent Production Notice, the
3 Party that received the inadvertently produced Document, Testimony, or
4 Information shall promptly destroy the inadvertently produced Document,
5 Testimony, or Information and all copies thereof, or, at the expense of the
6 producing Party, return such together with all copies of such Document,
7 Testimony, or Information to counsel for the producing Party and shall retain only
8 the "Confidential" designated Materials. Should the receiving Party choose to
9 destroy such inadvertently produced Document, Testimony, or Information, the
10 receiving Party shall notify the producing Party in writing of such destruction
11 within ten (10) days of receipt of written notice of the inadvertent production. This
12 provision is not intended to apply to any inadvertent production of any
13 Information protected by attorney-client or work product privileges.

14     6. In the event that counsel for a Party receiving Documents,
15 Testimony, or Information in discovery designated as "Confidential" objects to
16 such designation with respect to any or all of such items, said counsel shall advise
17 counsel for the Designating Party, in writing, of such objections, the specific
18 Documents, Testimony, or Information to which each objection pertains, and the
19 specific reasons and support for such objections (the "Designation Objections").
20 Counsel for the Designating Party shall have thirty (30) days from receipt of the
21 written Designation Objections to either (a) agree in writing to de-designate
22 Documents, Testimony, or Information pursuant to any or all of the Designation
23 Objections and/or (b) file a motion with the Court seeking to uphold any or all
24 designations on Documents, Testimony, or Information addressed by the
25 Designation Objections (the "Designation Motion"). Pending a resolution of the
26 Designation Motion by the Court, any and all existing designations on the
27 Documents, Testimony, or Information at issue in such Motion shall remain in
28 place. The Designating Party shall have the burden on any Designation Motion of


SANDERS ROBERTS
355 S. GRAND AVENUE
SUITE 2450
LOS ANGELES, CA 90071

establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

7. Access to, Use of, and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to/by the following persons:

    a. the Court;

    b. (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

    c. those officers, directors, partners, members, employees, and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee, or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such

1 person, to promptly notify counsel for the Designating Party of such breach or
2 threatened breach;

3     d.    court reporters and other court personnel and videographers in
4 this Proceeding (whether at depositions, hearings, or any other proceeding);

5     e.    any deposition, trial, or hearing witness in the Proceeding who
6 previously has had access to the Confidential Materials, or who is currently or was
7 previously an officer, director, partner, member, employee, or agent of an entity
8 that has had access to the Confidential Materials;

9     f.    any deposition or non-trial hearing witness in the Proceeding
10 who previously did not have access to the Confidential Materials; provided,
11 however, that each such witness given access to Confidential Materials shall be
12 advised that such Materials are being Disclosed pursuant to, and are subject to, the
13 terms of this Stipulation and Protective Order and that they may not be Disclosed
14 other than pursuant to its terms.

15     h.    outside experts or expert consultants consulted by the
16 undersigned Parties or their counsel in connection with the Proceeding, whether or
17 not retained to testify at any oral hearing; provided, however, that prior to the
18 Disclosure of Confidential Materials to any such expert or expert consultant,
19 counsel for the Party making the Disclosure shall deliver a copy of this Stipulation
20 and Protective Order to such person, shall explain its terms to such person, and
21 shall secure the signature of such person on a statement in the form attached
22 hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any
23 breach or threatened breach of this Stipulation and Protective Order by any such
24 expert or expert consultant, to promptly notify counsel for the Designating Party
25 of such breach or threatened breach;

26     i.    Personnel of third party vendors engaged by a party or by
27 counsel for a party to assist counsel in (i) the copying, coding, imaging or other
28 management of documents produced in discovery in this litigation or of associated

1 databases; or (ii) in the preparation of demonstrative exhibits or other visual aids
2 for presentation at a hearing or trial provided, however, that no person who is a
3 party or a director, officer, managing agent, or other employee of a party may be
4 retained as a third party vendor within the meaning of this paragraph and that
5 paragraph 7(g) of this Protective Order are complied with; and

6       j. any other person that the Designating Party agrees to in
7 writing.

8    8. Confidential Materials shall be used by the persons receiving them
9 only for the purposes of preparing for, conducting, participating in the conduct of,
10 and/or prosecuting and/or defending the Proceeding, and not for any business or
11 other purpose whatsoever.

12    9. Any Party to the Proceeding (or other person subject to the terms of
13 this Stipulation and Protective Order) may ask the Court, after appropriate notice to
14 the other Parties to the Proceeding, to modify or grant relief from any provision of
15 this Stipulation and Protective Order.

16    10. Entering into, agreeing to, and/or complying with the terms of this
17 Stipulation and Protective Order shall not;

18       a. operate as an admission by any person that any particular
19 Document, Testimony or Information marked "Confidential" contains or reflects
20 trade secrets, proprietary, confidential, or competitively sensitive business,
21 commercial, financial, or personal information; or prejudice in any way the right
22 of any Party (or any other person subject to the terms of this Stipulation and
23 Protective Order):

24         i. to seek a determination by the Court of whether any
25 particular Confidential Material should be subject to protection as "Confidential"
26 under the terms of this Stipulation and Protective Order; or
27 / / /
28 / / /

    ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material, or Information.

  11. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

  12. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

  13. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery, to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move

to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony, or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

14. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

15. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order are Disclosed by a non-Designating Party to any person other than in the manner authorized in this Protective Order, the non-Designating Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

16. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

17. Where any Confidential Materials, or Information derived from Confidential Materials, is included in any motion or other proceeding governed by California Rules of Court, Rules 2.550 and 2.551, the party shall follow those

1 rules. With respect to discovery motions or other proceedings not governed by
2 California Rules of Court, Rules 2.550 and 2.551, the following shall apply: If
3 Confidential Materials or Information derived from Confidential Materials are
4 submitted to or otherwise disclosed to the Court in connection with discovery
5 motions and proceedings, the same shall be separately ~~filed~~ **lodged along with an**
6 **application pursuant to Local Rule 79 for filing** under seal with the clerk of the
7 Court**.** ~~in an envelope marked: "CONFIDENTIAL — FILED UNDER SEAL~~
8 ~~PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER~~
9 ~~SEALING ORDER REQUIRED."~~ **(FFM)**

10   18.   The Parties shall meet and confer regarding the procedures for use of
11 Confidential Materials at trial and shall move the Court for entry of an appropriate
12 order.

13   19.   Nothing in this Stipulation and Protective Order shall affect the
14 admissibility into evidence of Confidential Materials, or abridge the rights of any
15 person to seek judicial review or to pursue other appropriate judicial action with
16 respect to any ruling made by the Court concerning the issue of the status of
17 Protected Material.

18   20.   This Stipulation and Protective Order shall continue to be binding after
19 the conclusion of this Proceeding and all subsequent proceedings arising from this
20 Proceeding, except that a Party may seek the written permission of the Designating
21 Party or may move the Court for relief from the provisions of this Stipulation and
22 Protective Order. To the extent permitted by law, the Court shall retain
23 jurisdiction to enforce, modify, or reconsider this Stipulation and Protective
24 Order, even after the Proceeding is terminated.

25   21.   Upon written request made within thirty (30) days after the
26 settlement or other termination of the Proceeding, the undersigned Parties shall
27 have thirty (30) days to either (a) promptly return to counsel for each Designating
28 Party all Confidential Materials and all copies thereof (except that counsel for

1 each Party may maintain in its files, in continuing compliance with the terms of
2 this Stipulation and Protective Order, all work product, one copy of each pleading
3 filed with the Court, and one copy of each deposition together with the exhibits
4 marked at the deposition), (b) agree with counsel for the Designating Party upon
5 appropriate methods and certification of destruction or other disposition of such
6 Confidential Materials, or (c) as to any Documents, Testimony, or other
7 Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a
8 Court order regarding proper preservation of such Materials. To the extent
9 permitted by law the Court shall retain continuing jurisdiction to review and rule
10 upon the motion referred to in sub-paragraph (c) herein.

11     22. After this Stipulation and Protective Order has been signed by
12 counsel for all Parties, it shall be presented to the Court for entry. Counsel agree
13 to be bound by the terms set forth herein with regard to any Confidential
14 Materials that have been produced before the Court signs this Stipulation and
15 Protective Order.

16     23. The Parties and all signatories to the Acknowledgment and
17 Agreement to Be Bound attached hereto as Exhibit A agree to be bound by this
18 Stipulation and Protective Order pending its approval and entry by the Court. In
19 the event that the Court modifies this Stipulation and Protective Order, or in the
20 event that the Court enters a different Protective Order, the Parties agree to be
21 bound by this Stipulation and Protective Order until such time as the Court may
22 enter such a different Order. It is the Parties' intent to be bound by the terms of
23 this Stipulation and Protective Order pending its entry so as to allow for
24 immediate production of Confidential Materials under the terms herein.

25 / / /
26 / / /
27 / / /
28 / / /

1  24. This Stipulation and Protective Order may be executed in
2 counterparts, and facsimile and/or scanned signatures shall have the same force
3 and effect as original signatures.
4  **IT IS SO ORDERED.**

6 Dated: August 5, 2015                    /S/ FREDERICK F. MUMM
                                            FREDERICK F. MUMM
7                                      United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court, Central District of California, Western Division, on July ___, 2015, in the case of *Apple in Bulk, Inc., et al. v. Flint Hills International LLC, et al.* Case No. 2:14-CV-07447 AB (FFM). I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court, Central District of California, Western Division for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____, 20___

_____ (City & State where sworn and signed)

Printed name: _____

Signature: _____